MEMORANDUM *
Elisa Lipkins (“Lipkins”) appeals from her sentence for bank robbery on the ground that the district court abused its discretion when it denied her ex parte request for funds for a psychologist to examine her in advance of her sentencing.[1] To prevail under the standards set forth in the Criminal Justice Act, 18 U.S.C. § 3006A(e)(l) Lipkins has the burden of showing both that “(1) reasonably competent counsel would have required the assistance of the requested expert for a paying client, and (2)[she] was prejudiced by the lack of expert assistance.” United States v. Rodriguez-Lara, 421 F.3d 932, 939 (9th Cir.2005) (abuse of discretion standard), (emphasis added). We hold that the district court did not abuse its discretion when it determined that Lipkins did not meet this burden and therefore affirm.
We first consider whether the funds for the psychologist were required. See United States v. Chase, 499 F.3d 1061, 1066-68 (9th Cir.2007) (noting that “[t]he court’s inquiry into the necessity of services must be specific to the facts of the particular case”). This focus is important because if the test were simply whether reasonably competent counsel would hire an expert if funds were available, the test would be meaningless as the answer would virtually always be yes. In both Chase and Rodriguez-Lara, we held that the requested funds were necessary because *384 some aspect of the defendants’ cases depended on the type of information that only an expert could provide. See Chase, 499 F.3d at 1065-68 (funds for expert were necessary in sentencing hearing involving drug estimation because the sentence depended primarily on the quantity of narcotics attributed to the defendant); Rodriguez-Lara, 421 F.3d at 946 (finding funds for an expert during trial were necessary where “the defendant has alleged a dispos-itive defense that is supported in substantial measure by the evidence available, but which cannot be fully developed without the help of an expert”).
Here, Lipkins sought funds for a psychologist who, having examined her, might proffer an opinion that might mitigate her sentence.[2] Moreover, unlike the requests in both Chase and Rodriguez-Lara, Lip-kins’ request was based on speculation that the expert might have some unspecified effect, rather than on a showing that without the expert’s assistance she could not prove a dispositive issue. We note that Lipkins did not raise an insanity defense at trial or argue that any aspect of her sentencing depended on an assessment of her mental issues.
Lipkins’ lengthy criminal history encompasses twenty pages of the Presentence Report (“PSR”). The PSR also detailed her extensive history of family issues, personal traumas and reported mental problems. At sentencing, the district court acknowledged Lipkins’ personal issues. The court, however, focused on her recidivism and the proper means to prevent future criminal activities which led the court to an upward departure from the range recommended by the Sentencing Guidelines. During the sentencing phase, no one disputed that Lipkins had mental health issues. The PSR recommended that Lipkins should receive mental health treatment as a condition of her supervised release, the government did not object to this recommendation, and the district court ordered the treatment.
In light of the PSR’s thorough review of Lipkins’ personal history and the district court’s consideration of her personal and mental issues, we conclude that Lipkins has not demonstrated that a psychologist was required to address some component of the district court’s sentencing determination.
Our second inquiry is whether “the defendant was prejudiced by the lack of expert assistance.” Rodriguez-Lara, 421 F.3d at 946. “The prejudice cannot be merely speculative; it must be demonstrated by clear and convincing evidence.” Chase, 499 F.3d at 1068. Unlike either Rodriguez-Lara or Chase, where we concluded that an expert was necessary and could have been dispositive of a key issue in the case, here there is only speculation that an expert might have been able to dissuade the judge from the upward departure from the Guidelines.[3] Although *385 Lipkins’ burden to show prejudice may be relatively minimal, there is little evidence in the record to suggest that anything a psychologist could have said might have made a difference to the district court’s sentence, given the district court’s focus on her recidivism despite its awareness and consideration of Lipkins’ personal and mental issues.
Because Lipkins has neither shown that the psychologist was required nor that she was prejudiced by the lack of assistance, her sentence is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

. Lipkins' ex parte request for funds did not explain her theory for how her asserted mental issues were connected to her criminal activities, stating only that "a psychological evaluation would help determine the appropriate sentence by providing the court with a more complete picture of Ms. Lipkins’ prior experiences and mental health challenges.” In particular, Lipkins presented no evidence or argument in the request for funds, or in her argument to this court, that her mental issues could cause criminal behavior or recidivism.

. Furthermore, the fact that in the abstract an expert might have been helpful, is insufficient to demonstrate prejudice by clear and convincing evidence. See, e.g., U.S. v. Becerra, 992 F.2d 960, 965-66 (9th Cir.1993) (finding the district court did not err in denying requested funds and noting that in the defendant’s "motion for funds, he merely concludes that the tapes will be helpful to his defense. *385 He does not demonstrate with any particularity how they would have aided him. Even on appeal, he makes conclusory statements, not the required showing of prejudice.”); U.S. v. Sims, 617 F.2d 1371, 1375 (9th Cir.1980) ("Sims has not shown how his cross-examination of the eyewitness was any less effective without the services of the expert. He also has not shown how the expert could have assisted the defense in any other way.”).